UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TONY NAPIER, | : | Case No. 3:22-cv-318 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| AMERICAN ECONOMY INSURANCE COMPANY, | : | |
| Defendant. | : | |

**ORDER**

This matter is presently before the Court upon Plaintiff's Motion to Compel (Doc. #22); Plaintiff's Motion to Strike Defendant's July 19, 2023 Memorandum (Doc. #40), Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike (Doc. #41), and for an *in camera* review (*see* Doc. #s 35-36, 38-39).

In May 2023, Plaintiff filed a motion to compel discovery. (Doc. #22). In the Motion, Plaintiff requested an order compelling Defendant to produce all documents in the claims file and those upon which Defendant has relied in denying his claim. *Id.* at 178, 182-83. Additionally, Plaintiff sought "all unredacted documents concerning the involvement of the law firm of Rolfes Henry Co., LPA [(Rolfes Henry)] in the fire loss at issue." *Id.* at 178. Plaintiff asserts that "discovery of the entirety of the [Rolfes Henry] materials contained in Defendant's claim[s] file is appropriate to the extent that they may cast light on Plaintiff's bad faith claim." *Id.* at 183.

In response to Plaintiff's Motion, Defendant filed a request to stay briefing on Plaintiff's Motion to Compel and to schedule an informal discovery teleconference. (Doc. #24). Despite Plaintiff's opposition, the undersigned granted Defendant's request and scheduled an informal

discovery teleconference. *See* May 22, 2023 Notation Order; May 24, 2023 Notation Order. During the teleconference, Defendant asserted that the claims file, including the documents from Rolfes Henry, has been produced except for privileged materials. The parties discussed the possibility of an *in camera* review of the privileged materials. Following the teleconference, Plaintiff filed his Motion for *In Camera* Review. (Doc. #29). Defendant consented to the *in camera* inspection. (Doc. #31). The undersigned granted Plaintiff's Motion and ordered Defendant to provide an unredacted copy of all documents at issue to Chambers for an *in camera* review. (Doc. #33). Further, the Court ordered Defendant to file their privilege log and memorandum identifying the assertion of privilege with specificity. *Id.*

In accordance with the Order, Defendant sent the requested documents to the Court and filed its privilege log and memorandum. (Doc. #s 35-36).

## I. Background

As relevant to the present motions before the Court, the complaint alleges the following facts. On February 4, 2022, a fire severely damaged a dwelling owned by Plaintiff. (Doc. #3, *PageID* #116). The dwelling was insured by Defendant and, following the fire, Plaintiff submitted a claim to Defendant.[1] *Id*. In February 2022, Defendant sent its fire investigator and adjuster to the dwelling to investigate the fire loss. *Id.* However, Defendant did not provide any report or factual findings to Plaintiff regarding the cause of the fire. *Id.* Additionally, as part of its investigation into Plaintiff's claim, Defendant hired a law firm, Rolfes Henry, to perform an examination under oath (EUO) of Plaintiff and his brother, Jonathon Bray, who was in the dwelling with Plaintiff at the time of fire. *Id.* at 116-17. The EUOs took place on May 6, 2022. *Id.* at 117.

---

[1] At the time of the fire, Plaintiff also had a pending claim relating to the roof of the dwelling, which had been damaged in a windstorm. (Doc. #3, *PageID* #117). According to Plaintiff, because the fire occurred before the roof claim could be resolved, Defendant has refused to cover the roof claim. *Id*.

2

On June 24, 2022, Defendant denied Plaintiff's claim. *Id.* at 118. According to Plaintiff, Defendant asserted in its denial that "Plaintiff and/or Bray had something to do with starting the fire …, despite the fact that Defendant possesses absolutely no evidence supporting this specious fact." *Id.*

On October 6, 2022, Plaintiff filed his complaint in Montgomery County Court of Common Pleas. (Doc. #3). Plaintiff seeks recovery for breach of contract and for Defendant's bad faith in handling the insurance claim at issue. *Id.* Defendant subsequently removed the case to the United States District Court for the Southern District of Ohio. (Doc. #1).

**II.  Standard of Review**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information may be discoverable even if not ultimately admissible into evidence at trial. *Id.*

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). The "proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013) (internal citation omitted). "When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the

3

presumption of broad disclosure is outweighed by the potential for undue burden or harm." *Wagner v. Circle W Mastiffs*, No. 2:08-cv-431, 2013 WL 4479070, at *3 (S.D. Ohio Aug. 19, 2013) (citation omitted).

### III. Discussion

In Defendant's memorandum, it asserts that it "has produced for *in camera* inspection all documents alleged to be privileged attorney-client communications and/or work product pursuant to Defendant's attorney-client relationship with Rolfes Henry and documents prepared by Defendant in anticipation of litigation." (Doc. #26, *PageID* #263).

In Plaintiff's response, he argues that the Court may choose to disregard Defendant's claims of privilege because Defendant failed to comply with the Court's Order requiring it to file a memorandum identifying the assertion of privilege with specificity. (Doc. #38, *PageID* #269). The undersigned declines to do so. Although Defendant's memorandum is not incredibly specific, it includes the information necessary and relevant to the Court's *in camera* review.

Plaintiff also contends that, although Defendant's counsel responded to the subpoena served on Rolfes Henry, Defendant failed to produce a privilege log for the documents withheld from the Rolfes Henry. *Id.* at 270. However, Defendant explains in its reply memorandum that it only filed one privilege log to avoid redundancy because the documents redacted from the claims file are the same documents redacted from the Rolfes Henry file. 39 at 274. Indeed, the claims file contains the entirety of the Rolfes Henry file. *Id.* The undersigned finds that because the documents are the same, Defendant did not err in failing to submit a separate privilege log for the Rolfes Henry production.

Finally, Plaintiff asserts that "he is entitled to the allegedly privileged information under *Boone v. Vanliner Ins. Co.*, (2001), 91 Ohio St. 3d 209, because he has asserted bad faith claims

4

in addition to that sounding in breach of contract." *Id.* Defendant disagrees, asserting that Plaintiff misstates the holding in *Boone* and maintaining that it has properly withheld the redacted documents submitted for *in camera* review. (Doc. #39, *PageID* #275).

  A.  *In Camera* Review

  Ohio law governs Defendant's claims of attorney-client privilege. *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. 2:06CV899, 2007 WL 1500899, at *3 (S.D. Ohio May 18, 2007) (McKann King, M.J.) (citing *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006)). Under attorney-client privilege, confidential attorney-client legal communications are permanently protected from disclosure, unless the protection is waived. *MA Equip. Leasing I, L.L.C. v. Tilton*, 980 N.E.2d 1072, 1079 (Ohio Ct. App. 2012) (citation omitted).

  However, the privilege is not absolute. Relevant here, the Supreme Court of Ohio created an exception to the attorney-client privilege applicable to certain insurance disputes. *Boone v. Vanliner Insurance Company*, 744 N.E.2d 154 (Ohio 2001). In *Boone*, the Court faced the issue of "whether, in an action alleging bad faith denial of insurance coverage, the insured is entitled to obtain, through discovery, claims file documents containing attorney-client communications and work product that may cast light on whether the denial was made in bad faith." *Id.* at 211-12. The Court held that "claims file materials that show an insurer's lack of good faith in denying coverage are unworthy of protection" and should be disclosed. *Id.* at 213.

  In determining whether these emails are discoverable under *Boone*, "[t]he critical issue is whether the discovery of 'otherwise privileged materials ... may cast light on bad faith on the part of the insurer.'" *Zigler v. Allstate Ins. Co.*, No. 1:06CV2112, 2007 WL 1087607, at *2 (N.D. Ohio Apr. 9, 2007) (citing *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 265, 800 N.E.2d 757, 762 (Ohio Ct. App. 2003)); *Sutter v. Am. Fam. Ins. Co.*, No. 1:20-CV-974, 2022 WL 1605458,

5

at *4 (S.D. Ohio May 20, 2022) (Litkovitz, M.J.). "The Court must review these documents 'with particular vigilance for any documents which might demonstrate a lack of good faith thus rendering them unworthy of protection.'" *Hoskins v. Liberty Mut. Grp., Inc.*, No. 2:19-CV-5441, 2020 WL 7201111, at *4 (S.D. Ohio Dec. 4, 2020) (Jolson, M.J.); (quoting *Zigler*, 2007 WL 1087607 at *4).

Defendant's privilege log includes thirty documents, all of which are email communications, including some with attached communications, regarding "Examination Under Oath" or "Denial Letter." (Doc. #35, *PageID* #s 260-62). The individuals involved in the communications include: (1) Tyler Hull, an attorney with Rolfes Henry; (2) Shirley Lenzly, an non-attorney employee with Rolfes Henry; (3) Leslie Wagner, an employee with Defendant's Special Investigations Unit; (4) Tonya Sommers, a Senior Claims Resolution Specialist with Defendant on Plaintiff's fire damage claim; (5) Jobie Zeigler, a Senior Examiner and Quality Assurance Specialist for Defendant; and (6) Conni Alcott, a Team Manager for Defendant. *Id.* at 259-60.

All of the documents in Defendant's privilege log are attorney-client legal communications.[2] Upon *in camera* review, the undersigned finds the items at issue do not "cast light" on whether Defendant's denial of Plaintiff's claim was made in bad faith. Accordingly, the *Boone* exception does not apply in this case, and these documents are not discoverable.[3]

---

[2] Four of the documents, Bates numbers AEI002515, AEI003096, AEI003140, and AEI003142, are email communications between Ms. Lenzly and Ms. Wagner. Although Ms. Lenzly is not an attorney, she indicates in all four of the emails that she is sending the email on behalf of Mr. Hull, who is an attorney.

[3] Because all of the documents identified in Defendant's privilege log are protected by attorney-client privilege, the undersigned need not determine whether the documents are also protected by work-product privilege.

### B. Plaintiff's Motion to Strike

In Plaintiff's Motion to Strike Defendant's July 19, 2023 Memorandum, Plaintiff argues that Defendant's reply memorandum should be stricken because the Court's Order regarding *in camera* review did not permit Defendant to file a reply. (Doc. #40). Although the Court did not order Defendant to file a reply, that merely rendered Defendant's reply discretionary rather than mandatory. *See* S.D. Ohio Civ. R. 7.2(a)(2). Accordingly, Plaintiff's Motion to Strike Defendant's July 19, 2023 Memorandum (Doc. #40) is **DENIED**.

### C. Motion to Compel

Some of the issues raised by Plaintiff's Motion to Compel were resolved during the June 6, 2023 teleconference. Others are the subject of the instant *in camera* review. Accordingly, Plaintiff's Motion to Compel (Doc. #22) is **DENIED**. To the extent that any disputes remain outstanding, Plaintiff may file a new motion to compel specifically identifying those issues.

### IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Compel (Doc. #22) is **DENIED** as moot; and

2. Plaintiff's Motion to Strike Defendant's July 19, 2023 Memorandum (Doc. #40) is **DENIED.**

March 12, 2024                              *s/Peter B. Silvain, Jr.*
                                            Peter B. Silvain, Jr.
                                            United States Magistrate Judge