UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TONY NAPIER, | : Case No. 3:22-cv-318 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| AMERICAN ECONOMY INSURANCE COMPANY, | : |
| Defendant. | : |

**ORDER**

This case is before the Court upon Plaintiff's Motion to Strike Expert Martin Designation and to Exclude Testimony (Doc. #49), Defendant's Memorandum in Opposition (Doc. #51), and Plaintiff's Reply. For the reasons explained below, Plaintiff's Motion to Strike is **DENIED**.

On February 15, 2024, Defendant filed an "Updated Rule 26(A)(2) Expert Witness Disclosure," designating J. Rudy Martin, Esq., as a rebuttal expert witness. (Doc. #48). As relevant here, Defendant's primary expert designations were due on November 17, 2023; and rebuttal expert designations were due on February 15, 2024. (Doc. #32); Nov. 30, 2023 Notation Order.

Plaintiff moves the Court to strike Defendant's expert designation of Mr. Martin and preclude his testimony at trial. (Doc. #49, *PageID* #1). Plaintiff argues that the Defendant's identification of Mr. Martin is untimely and fails to comply with Rules 16 and 26 of the Federal Rules of Civil Procedure. *Id.* Plaintiff asserts that a review of Mr. Martin's opinion reveals that it "is not solely confined to a rebuttal of [Plaintiff's expert's] opinion . . . but is submitted as a primary opinion on behalf of Defendant." *Id.* at 4. According to Plaintiff, because Mr. Martin is

not a rebuttal witness, Defendant's designation on February 15, 2023—almost three months after its primary expert designation deadline—was untimely. *Id.* at 2. Plaintiff argues that he and his counsel "were caught completely off guard when a new expert reared his head so late in discovery," and he was "profoundly prejudiced" by Defendant's untimely designation. *Id.* at 5; (Doc. #56, *PageID* #727).

However, Defendant requests that the Court deny Plaintiff's Motion because its designation of Mr. Martin as a rebuttal witness was proper and timely. (Doc. #51, *PageID* #1). Defendant maintains that Mr. Martin's opinion falls within the broad definition of a rebuttal witness. *Id.* at 4-5. Defendant explains that Mr. Martin testified in his deposition that his report directly addresses the report of Plaintiff's expert. *Id.* Furthermore, Defendant contends Plaintiff has not been prejudiced by its disclosure of Mr. Martin because he had the opportunity to depose him. *Id.* at 5-6. Defendant also asserts that there is no authority in the Federal Rules of Civil Procedure for Plaintiff's motion to strike Defendant's designation of Mr. Martin. *Id.* at 6-7.

"[M]otions to strike are generally disfavored and the proper use of such motions is quite narrow." *Maxum Indem. Co. v. Drive W. Ins. Servs. Inc./Mulberry Ins. Servs.*, No. 1:13-CV-191, 2014 WL 12653865, at *2 (S.D. Ohio June 13, 2014) (citing *Watkins & Son Pet Supplies v. Iams Co.*, 107 F.Supp.2d 883 (S.D. Ohio 1999); *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 1:02CV16000, 2007 WL 1514282 (N.D. Ohio May 22, 2007)). Indeed, the Federal Rules of Civil Procedure only provide a mechanism for striking pleadings. Fed. R. Civ. P. 12(f); *see Nokes v. Miami Univ.*, No. 1:17-CV-482, 2017 WL 3674910, at *8 (S.D. Ohio Aug. 25, 2017); *Dawson v. Kent*, 682 F.Supp. 920, 922 (N.D. Ohio 1988), *aff'd*, 865 F.2d 257 (6th Cir. 1988) ("[t]he federal rules make only one reference to a motion to strike in Rule 12(f). This rule relates only to pleadings and is inapplicable to other filings."); *Maxum Indem. Co.*, 2014 WL 12653865, at *2 ("While some

2

courts have employed Rule 12(f) to strike an affidavit or portions thereof, ... there is no basis in the Federal Rules for doing so.") (citations omitted). The only documents that qualify as "pleadings" are set forth in Fed. R. Civ. P. 7(a) (e.g., complaint, answer, crossclaim, etc.). Moreover, courts in the Sixth Circuit have held that motions to strike are inapplicable to expert reports, and the proper vehicle for this request is a motion *in limine*.[1] *Maxim Indemnity Co.*, 2014 WL 12653865, at *2 (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F.Supp.2d 852, 864, n. 10 (M.D. Tenn. 2005); *Porter v. Hamilton Beach/Proctor–Silex, Inc.,* 2003 U.S. Dist. LEXIS 14089, *5–6 (W.D. Tenn. Jul. 28, 2003)). The undersigned finds that Plaintiff's motion to strike is not the proper vehicle for his request.

Accordingly, Plaintiff's Motion to Strike Expert Martin Designation and to Exclude Testimony (Doc. #49) is **DENIED**.

  **IT IS SO ORDERED.**

April 19, 2024                   *s/Peter B. Silvain, Jr.*
                         Peter B. Silvain, Jr.
                         United States Magistrate Judge

---

[1] In addition, parties often bring this issue before courts in motions *in limine*. For example, in *Novovic v. Greyhound Lines, Inc.*, the parties disputed whether someone should be deemed a rebuttal witness. This issue was brought to the court's attention through a motion *in limine*. No. 2:09-CV-00753, 2012 U.S. Dist. LEXIS 9203, at *10–14 (S.D. Ohio Jan. 26, 2012) (Marbley, D.J.). Similarly, in *Ohio A. Philip Randolph Inst. v. Smith*, a case relied upon by Plaintiff, the intervenor moved to exclude an expert's supplemental report because it was not "a proper rebuttal report" in a motion *in limine*. No. 1:18CV357, 2019 WL 428371, at *2 (S.D. Ohio Feb. 4, 2019).