UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TONY NAPIER,

  Plaintiff,          Case No. 3:22-cv-318

vs.

AMERICAN ECONOMY INSURANCE    District Judge Michael J. Newman
COMPANY,

  Defendant.

---

**ORDER: (1) DENYING THE PARTIES' CROSS MOTIONS FOR SUMMARY
JUDGMENT (Doc. Nos. 71, 74); AND (2) REFERRING THIS CASE TO UNITED
STATES MAGISTRATE JUDGE CAROLINE H. GENTRY FOR MEDIATION**

---

Plaintiff Tony Napier purchased property in Clayton, Ohio with plans to renovate the house

located on the property. Doc. No. 1. In February 2022, before Plaintiff's renovations were

finished, fire significantly damaged the house. Plaintiff submitted a loss claim to Defendant

American Economy Insurance Company ("AEI"). After AEI's investigation of the fire, it denied

Plaintiff's claim. Plaintiff asserts in this case that AEI breached the terms of the parties' contract

and denied his loss claim in bad faith. *Id.* at PageID 118-20.[1]

The case is before the Court upon Plaintiff's motion for summary judgment (Doc. No. 71),

AEI's memorandum in opposition (Doc. No. 79), and Plaintiff's reply (Doc. No. 82); Defendant's

motion for partial summary judgment and supplemental memorandum (Doc. Nos. 74, 78),

Plaintiff's memorandum in opposition (Doc. No. 81), and Defendant's reply (Doc. No. 83). The

---

[1] Plaintiff's complaint also claims AEI breached its fiduciary duty and failed to act in good faith. Doc. No.
1 at PageID 118-20. These claims are synonymous with his bad faith claim. *See Hartman v. Conseco
Senior Health Ins. Co.*, No. 3:08–CV–099, 2010 WL 1981014, at *8 (S.D. Ohio May 18, 2010).

Court has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(a).  *See Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 146 n.4 (6th Cir. 2015).

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that no genuine issue of material fact is present, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed. R. Civ. P. 56(c)(1)(A) and (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "[t]he non-moving party … may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial."  *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).  "[T]here is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'"  *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted).  Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped

and for which courts generally are not." *Id.* at 406.

The Court's standard of review does not change when the parties file cross motions for summary judgment. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994) (quoting *Taft Broad. Co.,* 929 F.2d at 248).

## II.

Upon review of Plaintiff's motion for summary judgment and the parties' related memoranda, and viewing the evidence in favor of AEI, genuine issues of material fact exist concerning whether AEI's denial of Plaintiff's loss claim constituted a breach of contract and arose from AEI's alleged bad faith. For example, the existence of a genuine dispute concerning whether Plaintiff intentionally caused the fire, or indeed, whether (as one expert believes) the cause of the fire could not be determined, forecloses summary judgment in his favor on his breach of contract claim. *See Smith v. State Farm Fire and Cas. Co.*, No. 2:09–cv–780, 2010 WL 5393980, at **3-5 (S.D. Ohio Dec. 20, 2010) ("Genuine issues of material fact exist as to whether the fire which destroyed Plaintiff's house was of incendiary origin. State Farm is therefore not entitled to summary judgment on its affirmative defense of arson"); *see also Hazelwood v. Grange Mut. Cas. Co.*, No. 9–04–01, 2004 WL 3235775, at *3 (Ohio App. Mar. 14, 2004) ("we … categorically reject the notion that incendiary origin, motive and opportunity are alone sufficient to conclusively establish the plaintiff's participation in the arson without the jury making that ultimate determination"); *cf. Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 539 (6th Cir. 2014) (concluding "that a jury should determine whether [the insured] intentionally made a material misrepresentation" to the insurer after a fire burned down his home). A genuine dispute

likewise exists over the adequacy of AEI's investigation of the fire, thus foreclosing summary judgment in Plaintiff's favor on his bad faith claim. *Cf. Blues to You, Inc. v. Auto-Owners Ins. Co.*, No. 1:21-cv-0165, 2021 WL 5396055, at *3 (N.D. Ohio Nov. 18, 2021) (genuine dispute of facts concerning whether insurer denied claim in an arbitrary and capricious manner barred summary judgment on the plaintiff's bad faith claim); *Watkins v. Allstate Vehicle and Prop. Ins. Co.*, No. L-19-1235, 2020 WL 3397803, at *12 (Ohio App. June 19, 2020) ("Summary judgment is appropriate only where the record is devoid of any evidence tending to show a lack of good faith on the part of Allstate" (cleaned up)); *Great W. Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 980 (S.D. Ohio 2009) ("Performing a cursory investigation and ignoring information that would tend to support the insured's claim can constitute bad faith." (cleaned up) (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397, 400 (1994)).

Turning to AEI's motion for partial summary judgment on Plaintiff's bad faith claim, the genuine dispute of fact over the adequacy of its investigation preclude summary judgment in its favor on this claim. *Cf. Blues to You, Inc*, 2021 WL 5396055, at *3; *Watkins*, 2020 WL 3397803, at *12; *Great W. Cas. Co.*, 605 F. Supp. 2d at 980.

### III.

For the reasons stated herein, the parties' cross motions for summary judgment are **EACH DENIED**.  This case is referred to United States Magistrate Judge Caroline H. Gentry for mediation.  In the event the parties do not settle their dispute(s), the Court will set this case for a final pretrial conference and trial.

**IT IS SO ORDERED.**

   November 19, 2024                          s/*Michael J. Newman*          
                                                       Hon. Michael J. Newman
                                                       United States District Judge