UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TONY NAPIER,

    Plaintiff,

vs.

AMERICAN ECONOMY
INSURANCE COMPANY,

    Defendant.

Case No. 3:22-cv-318

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT'S SECOND MOTION *IN LIMINE* (Doc. No. 103); AND (2) PROHIBITING PLAINTIFF FROM USING THE UNTIED WATER RESTORATION GROUP'S ESTIMATE (Doc. No. 103-1) TO SHOW THE COST OF REPAIRS OR THE AMOUNT OF DAMAGE TO THE PROPERTY CAUSED BY THE FIRE**

---

This breach of contract case is set to begin trial on September 29, 2025. The case is before the Court upon Defendant American Economy Insurance Company's ("AEI") second motion *in limine* (Doc. No. 103), Plaintiff Tony Napier's memorandum in opposition (Doc. No. 109), and AEI's reply (Doc. No. 112). During a hearing on August 11, 2025, the Court heard oral argument from counsel for both parties. This matter is ripe for review.

**I.**

Napier alleges in his complaint that he purchased property in Clayton, Ohio with plans to renovate the house located on it. Doc. No. 3. In February 2022, before Napier's renovations were finished, fire significantly damaged the house. *Id.* at PageID 116. Napier submitted a loss claim to AEI based on an insurance policy, No. 048392280-01 ("the Policy"), between the parties. *Id.* After AEI's investigation of the fire, it denied Napier's loss claim. *Id.* at PageID 117-18.

On October 6, 2022, Napier initiated the present case against AEI, asserting breach of contract and bad faith. *Id.* at PageID 118-20. AEI asserts that the Policy does not provide coverage for Napier's claim and that it met its obligation of good faith and fair dealing owed to Napier. Doc. No. 101 at PageID 3227. Following discovery, both parties moved for summary judgment (Doc. Nos. 71, 74), which this Court denied (Doc. No. 84). With trial now imminent, AEI seeks to exclude certain evidence from admission during trial. Doc. No. 103.

## II.

In its second motion *in limine*, AEI seeks to preclude Napier from offering evidence or making any argument regarding a rebuild estimate. Doc. No. 103. This estimate is a one-page document that allegedly states the costs that will be incurred in making necessary repairs to the property at issue. Doc. No. 103-1; *see* Doc. No. 103 at PageID 3244. The document suggests in four line-items that the repairs will cost $737,359.00. Doc. No. 103-1. According to AEI, Napier intends to offer the estimate for the truth of the matter asserted—that the property at issue suffered $737,359.00 in damage as a result of the fire. Doc. No. 103 at PageID 3244-45.

AEI argues that while the estimate is on United Water Restoration Group's ("United Water") letterhead, it does not identify the person who prepared the estimate. Nor does Napier identify anyone from United Water who could testify about the document at trial. *Id.* at PageID 3244-46. Accordingly, without a witness describing the subject and scope of the estimate, it constitutes inadmissible hearsay to which no exception applies. *Id.*

Napier argues that the estimate is admissible because he can lay a foundation for the estimate by describing the circumstances under which he secured the estimate. Doc. No. 109 at PageID 3276. Napier also contends if the Court determines the estimate is hearsay, then it is admissible under the business record exception. *Id.* at PageID 3276-77; *see* Fed. R. Evid. 803(6).

Hearsay evidence—which is generally inadmissible—is any "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Back v. Nestlé USA Inc.*, 694 F.3d 571, 577 n.1 (6th Cir. 2012) (quoting *United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009)). "The hearsay rule applies to most out-of-court statements, but with several exceptions." *United States v. Reynolds*, 684 F. App'x 510, 514 (6th Cir. 2017) (citing Fed. R. Evid. 803); *see also United States v. Roberts*, 579 F. Supp. 3d 992, 996 (S.D. Ohio 2022).

One exception is the business record exception of Fed. R. Evid. 803(6). Under Rule 803(6), "[a] business record is admissible . . . where a sufficient foundation for reliability is established." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir.2009). In the Sixth Circuit, four requirements must be satisfied to admit records under the business records exception:

> (1) [the business record] must have been made in the course of regularly conducted business activities; (2) [the business record] must have been kept in the regular course of business; (3) the regular practice of that business must have been to have made the [business record]; and (4) the [business record] must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

*Id.* (citing *Redken Labs., Inc. v. Levin*, 843 F.2d 226, 229 (6th Cir. 1988)). Satisfaction of these four requirements must be made through the testimony of a custodian or "another qualified witness." *United States v. Jenkins*, 345 F.3d 928, 935 (6th Cir. 2003) (quoting Fed. R. Evid. 803(6)(D)). In order to be a "qualified witness," one must "be familiar with the record-keeping procedures of the organization." *Dyno Const. Co. v. McWane, Inc.*, 198 F.3d 567, 576 (6th Cir. 1999) (citations omitted).

### III.

AEI's second motion *in limine* is well taken. The United Water estimate is an out-of-court statement. *See* Fed. R. Evid. 801(a) (defining "statement" as "a person's written assertion").

3

Moreover, Napier intends to offer it into evidence at trial for its truth—that the fire caused $737,359.00 in damage to the property at issue. Napier has not shown that he intends to offer the estimate for any reason other than the truth of the matter asserted. *See* Doc. No. 109 at PageID 3275-77. Thus, the Court finds that the estimate is hearsay.

Turning to Rule 803(6), this business records exception to the hearsay rule does not apply to render this estimate admissible. *Cobbins*, 566 F. 3d at 588. While Napier has personal knowledge about the circumstances under which he obtained the estimate, he has not shown that he, or any other witness, is familiar with the record-keeping procedures of United Water. *See Dyno Const. Co.*, 198 F. 3d at 567. Nor has he identified any witness who can satisfy the four-part *Cobbins* test. Without testimony from someone familiar with United Water's record-keeping practices, Napier has not shown that the document satisfies any of the Rule 803(6)(A)-(E)'s elements and, as a result, there is no way of knowing if the estimate tends to accurately and reliably reflect the fire damage the property suffered. *See United States v. Johnson*, 79 F.4th 684 (6th Cir. 2023) (finding the district court properly excluded exhibits from trial because plaintiff had not established the exhibits' reliability). The Court finds that the estimate constitutes inadmissible hearsay. Accordingly, AEI's motion *in limine* to exclude the estimate is **GRANTED**.

### IV.

For the reasons stated, the Court: (1) **GRANTS** AEI's second motion *in limine* (Doc. No. 103); and (2) **PROHIBITS** Napier from using the estimate (Doc. No. 103-1) to show the cost of repairs or the amount of damage to the property caused by the fire.

**IT IS SO ORDERED.**

September 19, 2025                              s/*Michael J. Newman*
                                                    Hon. Michael J. Newman
                                                    United States District Judge